# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| BILLY WAYNE LOCKE, ) | |
| ) | Case No. 1:11-CR-41; 1:14-CV-141 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Presently before the Court are a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed by Billy Wayne Locke ("Petitioner") and a counseled supplemental § 2255 motion which, *inter alia*, challenge his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the en banc decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's pro se § 2255 motion [Doc. 128] and supplemental § 2255

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

motion [Doc. 151] will be **GRANTED in part** *solely* as to Petitioner's *Johnson*-related claim, but will be **DENIED in part** as to all other claims raised therein.[2]

I. BACKGROUND

On May 24, 2011, a grand jury sitting in the Eastern District of Tennessee returned a one-count indictment charging Petitioner with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) and § 924(a)(2) [Doc. 1]. Petitioner proceeded to trial and a jury found him guilty as to count one on January 22, 2013 [Doc. 105].

A presentence investigation report ("PSIR") identified four previous convictions for violent felonies, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) a 1990 conviction for aggravated burglary in the McMinn County, Tennessee, Criminal Court [PSIR ¶ 23]; (2) a 1999 conviction for burglary of a habitation[3] in the Polk County, Tennessee, Criminal Court [PSIR ¶ 27; *see also* Doc. 131-2]; (3) a 2002 conviction for felony evading arrest in the Polk County, Tennessee, Criminal Court [PSIR ¶ 28]; and (4) a 2003 conviction for aggravated assault in the McMinn County, Tennessee, Criminal Court [PSIR ¶ 30]. As an armed career criminal, Petitioner was subject to a statutory

---

[2] Petitioner's pro se motion for leave to supplement his pro se § 2255 motion to add a *Johnson* claim [Doc. 139] will be **denied as moot** in light of the supplement filed by counsel raising that claim [Doc. 151]. Petitioner's motion for leave to supplement his pro se § 2255 motion to add an additional claim of ineffective assistance of counsel based on counsel's "failure" to seek the benefit of Amendment 433 to the USSG [Doc. 133] also will be **denied**, as that Amendment, which clarified which offenses could serve as "crime of violence" predicate offenses under the career offender provisions of the USSG, has no application to Petitioner's sentence as an armed career criminal under the ACCA. Accordingly, Petitioner's counsel could not have been ineffective for failing to raise an issue that lacked merit. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

[3] Under Tennessee law, "aggravated burglary" is defined as "burglary of a habitation," Tenn. Code Ann. § 39-14-403, and those terms are used interchangeably on Tennessee charging documents and judgments to refer to violations of § 39-14-403.

mandatory-minimum sentence of 15 years to a maximum of life and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 235 to 293 months [PSIR ¶¶ 49, 50].

On April 25, 2013, Petitioner was sentenced to a term of imprisonment of 235 months on count one of the indictment and a term of supervised release of three years [Doc. 115 pp. 2–3]. Petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on January 31, 2014 [Doc. 126].

On May 8, 2014, Petitioner filed a pro se § 2255 motion asserting numerous challenges to his conviction and sentence, including: (1) lack of federal jurisdiction; (2) insufficiency of the indictment; (3) sentencing improprieties; (4) a Fourth Amendment violation arising from the denial of his suppression motion; and (5) various claims of ineffective assistance of counsel, including a failure to challenge Petitioner's armed career criminal status based on the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013) [Docs. 128–129].

On June 22, 2016, Petitioner, through court-appointed counsel, filed a supplement to his pro se § 2255 motion raising an additional challenge to his armed-career-criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 151]. The government's motion to defer ruling on Petitioner's motion pending an en banc decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), was granted by the Court on March 7, 2017 [Doc. 156]. On June 27, 2017, the Sixth Circuit issued its en banc decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 27, 2017, the parties filed a joint status report agreeing that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt*, but disagreeing as to the appropriate sentencing relief [Doc. 160].

## II.   ANALYSIS

### A.   TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

In this case, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on direct review on January 31, 2014, and Petitioner's conviction became final when the time for filing a petition for writ of certiorari to the United States Supreme Court expired ninety days later on May 1, 2014.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004).  Petitioner's initial § 2255 motion was filed on May 8, 2014, well within the one-year period of limitation under § 2255(f)(1).

As to Petitioner's supplemental motion, claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made

4

retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner filed the supplement to his § 2255 motion raising a *Johnson* claim on June 22, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

### B. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### C. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3)

and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, two of Petitioner's four predicate offenses were convictions for aggravated burglary and burglary of a habitation in violation of Tennessee Code Annotated § 39-14-403 [PSIR ¶¶ 23, 27; Doc. 131-2]. Petitioner contends, *inter alia*, that aggravated burglary could

6

qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the en banc *Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[4] and *Johnson* invalidated the residual clause, Petitioner's two convictions under § 39-14-403 no longer can be used as predicate offenses under the ACCA. Furthermore, absent those convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 235-month term of

---

[4] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 160 p. 2].

7

imprisonment imposed by the Court exceeds the maximum authorized sentence of not more than 10 years' imprisonment for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 sentencing relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

Here, while the parties do not dispute that Petitioner is entitled to § 2255 relief under *Johnson*, they do disagree as to the most appropriate form of that relief. The government submits that the appropriate relief would be to correct and reduce Petitioner's sentence to 120 months' imprisonment, the applicable statutory maximum for a violation of § 922(g)(1) for a non-armed career criminal and within the applicable USSG range of 100 to 120 months that would have applied to Petitioner as a non-ACCA offender at the time he originally was sentenced [Doc. 160 p. 3]. Petitioner, however, submits that a sentence of 120 months would exceed what is sufficient to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a) [*Id.*].[5]

Due to the disparity in the parties' proposed resolutions, the Court believes that the most appropriate form of relief in this case is to resentence Petitioner following a full resentencing hearing. The Court will direct the Probation Office to prepare an Addendum containing a re-calculation of Petitioner's advisory guideline sentencing range under the current Guidelines

---

[5] The parties indicate that as of July 27, 2017, Petitioner already had served approximately 77 months in custody [Doc. 160 p. 3].

Manual and detailing Petitioner's post-sentencing conduct and a resentencing hearing will be set. The Court will enter an order accordingly.

### D. PETITIONER'S OTHER CLAIMS

Although Petitioner is entitled to sentencing relief under *Johnson* and *Stitt*, he is not entitled to relief on any of the other claims raised in his pro se § 2255 motion, all of which have been procedurally defaulted, are not cognizable in a § 2255 proceeding, or otherwise are without merit.

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). To establish actual innocence, a petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-329 (1995) (citation omitted). The hurdle a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Here, other than the claims of ineffective assistance of counsel, all of Petitioner's remaining claims could have been raised on direct appeal but were not. Petitioner has not put forth any good cause for his failure to raise the foregoing errors on direct appeal nor has he established any actual prejudice to excuse his failure to raise them. Nor can he establish his

actual innocence. Accordingly, Petitioner has procedurally defaulted all claims other than his ineffective-assistance-of-counsel claims.

In any event, even had Petitioner not procedurally defaulted his remaining claims, for the following reasons he would not be entitled to relief on any of those claims, as they all either are not cognizable in a § 2255 proceeding or otherwise are without merit.

### 1. Jurisdiction and Sufficiency of Indictment

Petitioner's first claim alleges that because his criminal conduct occurred within McMinn County, Tennessee, the United States lacked subject-matter jurisdiction to prosecute him for conduct that he believes could be prosecuted only under the laws of the State of Tennessee [Doc. 128 p. 4; Doc. 129 pp. 2–3]. This argument lacks merit.

Petitioner was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Accordingly, "[f]ederal courts have exclusive jurisdiction over offenses against the laws of the United States . . . and the permission of the states is not a prerequisite to exercise that jurisdiction." *United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002). Petitioner's argument that this Court lacked subject-matter jurisdiction over a violation of a federal criminal statute therefore fails.

Petitioner's challenge to the sufficiency of the indictment [Doc. 129 pp. 3–4], because it failed to identify the specific firearm he possessed or to state that the specific firearm traveled in interstate commerce, likewise has no merit. A challenge to the sufficiency of an indictment is not ordinarily cognizable on collateral review unless the indictment is so defective on its face as to not charge an offense under any reasonable construction. *Mukes v. United States*, No. 94-

10

6461, 1995 WL 364123, at *2 (6th Cir. June 16, 1995).  Here, the indictment clearly charged Petitioner with violating 18 U.S.C. § 922(g) and did so by tracking the language of the statute. As the indictment was not facially defective, Petitioner's challenge to the sufficiency of that indictment is not cognizable under § 2255.

### 2. Sentencing Challenges

Petitioner also raised various challenges relating to his sentence, specifically: (1) that the indictment failed to list the prior convictions which qualified him as an armed career criminal under the ACCA; (2) that the Court's determination that he had three qualifying ACCA convictions constituted impermissible judicial fact-finding; and, (3) that the Court treated the USSG as mandatory rather than advisory [Doc. 129 pp. 3–4].  None of these challenges have merit.

First, the Sixth Circuit repeatedly has "'rejected the argument that the ACCA sentencing provision is a separate offense and that the government must plead in the indictment and prove beyond a reasonable doubt the predicate felonies.'"  *United States v. Keglar*, 535 F. App'x 494, 495 (6th Cir. 2013) (quoting *United States v. McMurray*, 653 F.3d 367, 370 (6th Cir. 2011); *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012)).  Moreover, the United States Supreme Court consistently has held that "the fact of a prior conviction" remains an appropriate subject for judicial fact-finding.  *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 2160 (2013); *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).[6]  Finally, the transcript of

---

[6] Petitioner's pro se "motion to correct sentence" [Doc. 119] raising this same claim also will be denied for the same reason.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).

Petitioner's sentencing hearing belies the allegation that the Court treated the USSG as mandatory, as the Court explicitly acknowledged that Petitioner's "guideline range is merely advisory and it is not binding on the Court" [Doc. 117 p. 13].

### 3. Fourth Amendment Claims

Petitioner's pro se § 2255 motion also alleges a number of Fourth Amendment violations arising from a warrantless search of his residence [Doc. 128 p. 4; Doc. 129 pp. 6–9]. In particular, Petitioner asserts that the warrant for his arrest stemmed from an illegal traffic stop, that the search of his camper was illegal, and that shotgun shells were improperly seized because they do not constitute "ammunition" under 18 U.S.C. § 921(a) [*Id.*].

Generally, however, Fourth Amendment claims are not reviewable under § 2255 as long as the petitioner previously received a full and fair hearing on the issue. *See Ray*, 721 F.3d at 762 ("free-standing Fourth Amendment claims cannot be raised in collateral proceedings under . . . § 2255") (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

Here, the record demonstrates that the Fourth Amendment issues Petitioner now seeks to pursue previously were raised in pretrial suppression motions [Docs. 58, 61, 62] and that Petitioner received a full and fair hearing on those claims before Magistrate Judge Susan K. Lee [Doc. 67]. Ultimately, Magistrate Judge Lee's Report and Recommendation [Doc. 69] was adopted by the Court and Petitioner's suppression motions were denied [Doc. 85]. As Petitioner's Fourth Amendment claims previously were rejected following a full and fair hearing, they now are not cognizable under § 2255.

### 4. Ineffective-Assistance-of-Counsel Claims

Petitioner's remaining claims allege that his attorney was ineffective: (1) in failing to challenge the ACCA enhancement because the indictment did not list the specific qualifying

12

convictions; and (2) in failing to present evidence at the suppression hearing that his prior state court charges were dismissed [Doc. 128 p. 5; Doc. 129 pp. 10–17]. However, because Petitioner cannot establish deficient performance or prejudice with regard to either of these allegations, his ineffective-assistance-of-counsel claims will be denied.[7]

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466

---

[7] To the extent Petitioner alleges ineffective assistance arising from counsel's failure to challenge Petitioner's armed-career-criminal status based on *Descamps*, that claim is without merit. First, Petitioner cannot show deficient performance on that ground because *Descamps* was decided *after* Petitioner's sentencing hearing, and the "'failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel.'" *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010) (quoting *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986)). At the time of Petitioner's sentencing hearing, and indeed until the *Stitt* decision, Petitioner's convictions for aggravated burglary and burglary of a habitation qualified as ACCA convictions of a "violent felony" under the law of this Circuit. *Nance*, 481 F.3d at 888. Moreover, in light of the fact that Petitioner is entitled to relief under *Stitt*, any prejudice arising from counsel's failure to challenge Petitioner's armed career criminal status, even had such a failure been deficient, has been alleviated.

13

U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Here, Petitioner cannot show that his counsel's performance was deficient as to either of his ineffective-assistance claims. First, as already discussed, there is no requirement that ACCA predicate offenses be pled in the indictment, *Keglar*, 535 F. App'x at 495, and therefore the failure to challenge the ACCA enhancement on that basis cannot be deemed deficient performance.

Likewise, Petitioner cannot establish deficient performance with regard to any issues relating to his pro se suppression motions because he voluntarily chose to represent himself before and during the suppression hearing. Although he had standby counsel, it is axiomatic that "'a defendant cannot waive his right to counsel and then complain about the quality of his own defense.'" *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012) (quoting *Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008)). Thus, to the extent Petitioner contends that his standby counsel rendered deficient performance, he "'merely suffered the consequences of his decision to proceed pro se.'" *Ross*, 703 F.3d at 882 (quoting *Wilson*, 515 F.3d at 697).

Thus, because Petitioner has failed to establish deficient performance or prejudice as to any asserted ground of ineffective assistance of counsel, those claims fail and will be denied.

### III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to sentencing relief under § 2255 and will grant in part his § 2255 motion [Doc. 128] as supplemented [Doc. 151] *solely* to the extent Petitioner has raised a *Johnson* claim.  Petitioner's pro se § 2255 motion will be denied in part as to all other claims raised therein.

The Judgment imposed by the Court on April 25, 2013 [Doc. 115], will be vacated and a resentencing hearing will be set.  The United States Probation Office will be directed to provide the Court with information necessary for sentencing.  The Clerk of Court will be directed to close the civil case at No. 1:14cv141.

**AN APPROPRIATE ORDER WILL ENTER.**

>  */s/ Travis R. McDonough*
>  **TRAVIS R. MCDONOUGH**
>  **UNITED STATES DISTRICT JUDGE**